# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40463**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Troy R. DILLON**
Major (O-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 August 2024

————————————

*Military Judges*: Thomas A. Smith (pretrial proceedings); Jennifer E. Powell (pretrial motion); Matthew P. Stoffel (pretrial motions); Christopher D. James.

*Sentence*: Sentence adjudged 6 October 2022 by GCM convened at Misawa Air Base, Japan. Sentence entered by military judge on 2 December 2022: Dismissal, confinement for 46 months, and forfeiture of all pay and allowances.

*For Appellant*: Major Jenna M. Arroyo, USAF; Captain Trevor N. Ward, USAF.

*For Appellee*: Colonel Matthew D. Talcott, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; First Lieutenant Deyana F. Unis, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of sexual abuse of a child and one specification of indecent visual recording in violation of Articles 120b and 120c, Uniform of Code Military Justice (UCMJ), 10 U.S.C. §§ 920b, 920c.[1] The military judge sentenced Appellant to a dismissal, confinement for 46 months, and forfeiture of all pay and allowances. The convening authority took no action on the findings. Per the recommendation of the military judge, echoed in Appellant's clemency request, the convening authority suspended the first six months of the adjudged forfeitures and waived the resulting automatic forfeitures for six months for the benefit of Appellant's wife and child. The convening authority took no action on the remainder of Appellant's sentence.[2]

Appellant raises one issue on appeal: whether the sentence to nearly four years of confinement and a dismissal is inappropriately severe. We have carefully considered the issue and find it does not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)).

We considered *sua sponte* whether relief is warranted for the delay from sentence to docketing with this court, a total of about 228 days. We applied *Moreno* and *Livak*, and conclude it is not. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (establishing a presumption of unreasonable delay "where the record of trial is not docketed" by the Court of Criminal Appeals within a specific time frame); *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (establishing an aggregate sentence-to-docketing time frame of 150 days for facially unreasonable delay in cases, like Appellant's, that were referred to trial on or after 1 January 2019).

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

---

[1] References to the punitive provisions of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). All other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The convening authority signed a Decision on Action Memorandum on 3 November 2022, wherein he approved the sentence in its entirety. The convening authority replaced that memorandum on 22 November 2022, wherein he suspended the adjudged forfeitures and waived the automatic forfeitures, but did not approve the remainder of the sentence. Although Appellant did not identify this error on appeal, we tested it for material prejudice and found none. *See generally United States v. Brubaker-Escobar*, 81 M.J. 471 (C.A.A.F. 2021) (per curiam).

59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court